COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
| | |
|---|---|
| In re LABRANCHE SECURITIES LITIGATION | : Civil Action No. 03-CV-8201 (RWS) |
| | : |
| ——————————————————— | : CLASS ACTION |
| This Document Relates To: | : |
| | : [PROPOSED] ORDER |
| ALL ACTIONS. | : AUTHORIZING DISTRIBUTION |
| | OF NET SETTLEMENT FUND |
---------------------------------------------------------x





USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/10

WHEREAS, by its Final Order and Judgment dated January 21, 2009, this Court approved the terms of the Stipulation of Settlement dated September 18, 2008 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the $13,000,000 cash settlement proceeds have been deposited by the Defendants into an interest-bearing escrow account established by Lead Plaintiffs' Counsel, on behalf of the Class (the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Proposed Settlement of Class Action and Settlement Hearing (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") in order to participate in the distribution of the Settlement Fund was February 4, 2009; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency, by requesting review by the Court; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Lead Plaintiffs' Counsel now seek authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses approved by this Order; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the

administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading: (1) the Affidavit of Lara McDermott (the "McDermott Affidavit" or "McDermott Aff.") of Gilardi & Co. LLC ("Gilardi"); (2) the Joint Declaration of Michael K. Yarnoff of Barroway Topaz Kessler Meltzer & Check, LLP (formerly, Schiffrin Barroway Topaz & Kessler, LLP) and Ellen Gusikoff Stewart of Robbins Geller Rudman & Dowd LLP (formerly, Coughlin Stoia Geller Rudman & Robbins LLP), Lead Plaintiffs' Counsel for Lead Plaintiffs and the Class; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the administrative determinations of Gilardi accepting the claims as indicated on the computer printout of accepted claims submitted and described in the McDermott Affidavit, calculated under the proposed Plan of Allocation, including claims submitted after the February 4, 2009 claims filing deadline, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of Gilardi rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the McDermott Affidavit under the proposed Plan of Allocation be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that Gilardi be paid the sum of $32,726 from the Settlement Fund as payment for the balance of its fees and expenses incurred and to be incurred in connection with

services performed and to be performed with respect to the administration of the Settlement, including *inter alia*: disseminating notice to the Class, processing the Proofs of Claim submitted, preparing the tax returns for the Settlement Fund and distributing the Net Settlement Fund to the Authorized Claimants; and it is further

ORDERED, that the balance of the Settlement Fund after deducting payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the McDermott Affidavit under the proposed Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants as shown on such computer printout; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Plaintiffs' Counsel and Gilardi are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that any balance remaining in the Net Settlement Fund due to un-cashed distributions or any other reason six (6) months after the initial distribution of such funds shall be re-distributed to members of the Class who have cashed their initial distributions and who would receive at least $10.00 from the re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, if such re-distribution is determined to be economically feasible. If any funds remain in the Net Settlement Fund six (6) months following this re-distribution, if such re-distribution is determined to be economically

feasible and undertaken, these funds shall be contributed to The Federal Judicial Center Foundation.

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Persons beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that Gilardi is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after distribution of the Net Settlement Fund to the eligible claimants and electronic copies of the same not less than three (3) years after distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that claims submitted after November 2, 2010 may not be accepted for any reason whatsoever.

Dated: __12/2__, 2010

_____
THE HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE